# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

Vinning-Mondrea #B63459 )
**Plaintiff** )
)
)
vs. ) Case No. 2:07-cv-2076
)
(14) Director ROGER E. WALKER, )
Melody J. Ford, Warden Zimmerman, )
Chaplain Twadell, Warden Phillips, C/o Duffield, )
Lt. Ashcraft, Sue Redshaw, Dietary manager )
M. Fluckey, C/o Jennings, **Defendant(s)** )
Warden Johnathan Walls, Warden Evans )
The Director's designee, Lt. Ashby

**FILED**

MAR 2 8 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## COMPLAINT

☒ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other

_____

—

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Mondrea Vinning , and states as follows:

My current address is: Menard Correctional Institution P.O. Box 711, 62259

The defendant Roger Walker , is employed as Director of I.D.O.C office in Springfield at _____

The defendant Melody J. Ford , is employed as Administrative review Board at Springfield
(  )

The defendant Warden Zimmerman was warden at mt. sterling correctional.

The defendant _Chaplain Twadell_ , is employed as _Chaplain_
_Mt. Sterling corr._ at _____

The defendant _Warden Phillips_ , is employed as _Warden_
_____ at _Mt. Sterling corr._

(revised 9/96)

The defendant _C/O Barfield_ , is employed as _Corr. Officer_
_____ at _Mt. Sterling corr._

Additional defendants and addresses    _on additional page._

For additional plaintiffs or defendants, provide the information in the same format as

above on a separate page.

## LITIGATION HISTORY

A.  Have you brought any other lawsuits in state or federal court dealing with the same

facts involved in this case?          Yes     ☐     No  ☒

If yes, please describe

_____

_____

_____

B.  Have you brought any other lawsuits in state or federal court while incarcerated?

Yes     ☒     No  ☐

C.  If your answer to B is yes, how many?  ☒   Describe the lawsuit in the space

below.  (If there is more than one lawsuit, describe the additional lawsuits on another

piece of paper using the same outline.)

1.  Parties to previous lawsuit:

Plaintiff(s)  _Myself_

Defendant(s)  _Correctional officers at menard_
_long and Reid_

2.  Court (if federal court, give name of district; if state court, give name of county)
_the southern District_

The defendant Lieutenant Forrest Ashby is Employed as lieutenant at mt. sterling corr. (so is) The defendant Lt. Ashcraft

The defendant Sue Redshaw is the grievance officer at mt. sterling corr.

The defendant Dietary Manager Mc.Flucky is the Dietary manager at mt. sterling corr.

The defendant c/o Jennings is the correctional officer at mt. sterling corr center

the defendant Johnathan Walls is the warden at mt. sterling corr.

The defendant Warden Evans is the warden of pinckneyville.

the Defendant Designee signs on tickets For Roger Walker

Additional Suits Filed


03-203-MJR

against officials at menard For denial of access to courts. case dismissed 2007.

03-514-GPM against menard officials For 8th ammendment violations - overturned on appeal.

Both cases in the southern district


05-DR-570 - against Warden Evans and chaplain ~~Sutton~~ Sutton For 1st ammendment violations, Also in the southern district, still pending.


Page 2 (A)

01-994-WDS  Judge Steihl

3. Docket Number/Judge

8th amendment violations

4. Basic claim made

Still awaiting ruling

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it (still pending?)

2001

6. Approximate date of filing of lawsuit _____ N/A

7. Approximate date of disposition

_____ N/A

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?  Yes ☒

No ☐  If your answer is no, explain why not

_____

_____

C. Is the grievance process completed?  Yes ☒  No ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY*

INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS

OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE

ADMINISTRATIVE REMEDIES.  PLEASE ATTACH COPIES OF MATERIALS

RELATING TO YOUR GRIEVANCE.

Attached HERETO

Proof of exhaugisting all administrative
Remedies

## STATEMENT OF CLAIM

(1) The defendant ROGER E. Walker is the director of Illinois department of corrections. His signature appears on denial of plaintiff grievances. Also plaintiff sent copies of letters and grievances directly to his office.

(2) The Defendant Warden EVANS served in his official capacity as Warden of Pinckneyville correctional center while plaintiff was incarcerated there in the year 2005. During this time plaintiff was denied his religious diet. Plaintiff exhaughsted all available remedies and Filed suit. As a result of Filing suit, Plaintiff was retaliated against by being transferred from Pinckneyville a level 2 medium to menard a level 1 maximum. Plaintiff was transferred in October 2005 sanctioned by Warden Evans.

(3) Warden zimmerman, warden phillips and Warden Walls were all wardens at Mt. Sterling correctional center where various violations of Plaintiff constitutional rights occurred. Warden zimmerman personally signed off on the denial of Plaintiff grievances. warden phillips and warden walls were sent letters and copies of grievances regarding constitutional violations. Warden Johnathan walls personally was involved in a conspiricy under 241 and 242 U.S.C. to violate plaintiff rights and retaliate on plaintiff For his litigation efforts.

A. Plaintiff was incarcerated in Mt. Sterling from May 2006 until August 2007. During this time several requests to recieve his religious diet were denied. Plaintiff personally spoke with Warden Zimmerman and Warden Walls and Warden Phillips at different times during this period regarding the tray. Plaintiff also sent these individuals letters. Finally months later plaintiff was finally placed on the diet. During the months that plaintiff was denied the tray he suffered from Fatigue, dizziness, headaches and stomach aches because his religion forbids him from eating meat and meat was practically every food tray he recieved. This left plaintiff malnutritioned. Subsequently plaintiff was placed on a prescription of metamucil for complication with bowell movements. Plaintiff recieved the tray for approximately 2 months and was removed by chaplain Twadell for allegedly eating waffles in violation of the diet. Plaintiff again experienced the same ailments. Plaintiff was placed back on the tray in April of 2007 and removed a month later for similar circumstances. Plaintiff contends that the removal from the tray was in retaliation for his filing complaints to get on the tray. Moreover a inmate is not required to be perfect in religion and should not be removed for the above reasons. See: Reed-v-Faulkner 653 F.Supp. 965 There was never even a hearing conducted prior to removal from the tray. This is a 1st and 8th ammendment violation. Removal from the tray was initiated by Dietary manager M. Flucky.

(6)

b.

Plaintiff wrote warden Zimmerman and warden Phillips letters and spoke to them face to face regarding the fact that no Moorish science or Hebrew service were held at Mt.Sterling. Plaintiff submitted several grievances regarding this issue and was denied. Such policy in denying those services was motivated by racism because these are African Religions, Also based on discrimination because Mt.sterling provided Catholic and Christian services. Chaplain Twadell was also partial to this racism and discrimination in his compliance with such. For the entire 15 months from 5-2006 until 8-2007 that plaintiff was at Mt.sterling these services were not provided. Plaintiff was even denied by chaplain Twadell his right to attend the other Services which were offered.

(4) Chaplain Twadell violated plaintiff rights while he was incarcerated at Mt.sterling in that even after plaintiff submitted several requests he was not placed on the diet. Plaintiff spoke face to face with Twadell and was forced to change his religion to get on the tray. Twadell also removed plaintiff from the tray, once on, without due process and refuse to set up Hebrew or Moorish service based on discrimination and racist ideology.

(5) Correctional officer Barfield on 8/5/06 intentionally destroyed plaintiff property in retaliation for plaintiff going on hunger strike and saying he would write a grievance.

c/o Barfield confiscated plaintiff property and when he returned it several legal documents and important papers were missing. c/o Barfield also called plaintiff "niggers" Barfield also wrote fraudgelent disciplinary reports on plaintiff on the same day 3/5/06.

(6) lieutenant Ashcraft and Major Lowe spoke to plaintiff in the guise of investigating c/o Barfield but did nothing at all. Plaintiff witnesses were not interviewed nor was the video footage reviewed, lieutenant Ashcraft neglected his supervisory duties and failed to investigate allowing constitution violations to go unaddressed.

(7) melody J. Ford and sue redshaw signed off on plaintiff grievances.

(8) Chaplain twaden also wrote a fraudgelent ticket on plaintiff in retaliation for plaintiff writing the warden in efforts to get on the vegan tray. This fraudgelent I.D.R was written 6-9-06.

(9.) c/o Jennings illegally opened plaintiff legal mail and sexually harassed plaintiff in that he cornered plaintiff in his office and grabbed his genitals and tried to kiss him. And in a conspiracy with warden walls c/o Jennings opened plaintiff legal mail and when plaintiff said he was writing it up, Jennings and walls conspired to give plaintiff a fraudgelent disciplinary report based on the illegally opened mail, in retaliation for plaintiff litigation efforts.

(9)

(10) Plaintiff legal mail was illegally opened and illegally confiscated and then a baseless, Fraudulent I.D.R was prepared as a result after plaintiff Refused c/o Jennings Sexual advances. Warden walls and c/o Jennings then co-conspired with the adjustment committee Lieutenant ~~Forrest Ashby~~ Forrest Ashby to find plaintiff guilty with absolutely No evidence and give plaintiff the maximum that the I.D.R carried. Lieutenant Forrest Ashby also approached plaintiff with Sexual propositions in that he asked plaintiff could he smell his penis and his Anus and indicated that if allowed to he would dismiss plaintiff tickets.

(4)

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

(1) Plaintiff is demanding a Jury trial,

(2) Plaintiff is suing Each defendant in their individual and professional capacity.

(3) Plaintiff Seeks a hearing Under the "identification" act to determine if defendants should be represented by Attorney General.

(4) Plaintiff Seeks $100,000 Jointly And seperately as compensatory and punitive damages for mental and physical anguish, pain and suffering as a result of these various violations.

**JURY DEMAND**        Yes ☒        No ☐

**Signed this** ___18th___ **day of** ___Febuary___ ,

___2008___ .

*Mondrea Vining*                    ( *Signature of Plaintiff* )

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Mondrea Vinning | B63459 |
| Address: | Telephone Number: |
| Menard Corr. Center | |

Exhibits in order

(1) letter Sent To (1) warden/Mails (2) Judge Stich (3) Attorney (4) ROGER E. walker
(5) Dept. Of Justice (6) Post Master general.

(2) 3 Responses From Springfield.

(3) letter to dept. Of Inmate issues.

(4) Two responses to grievances.

(5) letters sent to wardens regarding religious tray.

(6) Grievances and letters written concerning the issues complained of.

(7) summaries, tickets and and grievances written

(8) Administrative review board that denied relief.

7-2207

To: MR. Johnathan Walls
   Head Warden of Mt. Sterling

To: The Honorable Judge
   William D. Stiehl
      P.o. Box 249
      East St. Louis IL. 62202

   To: Attorney: James E. Hopkins Jr.
      Bauer and Baebler P.C.
      Attorneys at law
      1010 Market Street.
      Suite 350
      Saint Louis Missouri 63101

To: Director Roger E. Walker
   Adm. review board/dept. of
      Inmate Affairs
         1301 Concordia court
         Springfield Il. 62794

   To: U.S. department of Justice
      219 S. Dearborn
         Chicago Il. 60604

   To: The post Master
      General

         Dear MR. Johnathan Walls could you please
instruct your officers to cease retalitorial acts upon me on
Your behalf. I spoke with you personally while I was on
hunger strike in segregation regarding c/o Barfield throwing
My documents in the garbage. I informed that Sergent Dodds
Allowed me to retrieve some of my documents out of the
garbage and this was on camera. You assured me that something
Would be done. Now Your Internal Affairs officers in
cahoots with the mail room are illegally opening my
outgoing privledged legal mail. As you see from the
attached Emergency grievance and Fraudgelent I.D.R.
Sir I am begging you to please take action on this
immediately. Thankyou. Morning's

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 9-20-07 | Committed Person: (Please Print) Montrea Vinning | ID#: B63459 |
|---|---|---|

| Present Facility: Menard | Facility where grievance issue occurred: Mt. Sterling |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Sexual harassment

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I Previously Submitted this grievance on these matters while I was in Mt. Sterling Prior to the retalitorial transfer on 8-15-07. On 7.20.07. c/o Jennings called me to internal affairs alleged about some mail. During this time c/o Jennings closed me in his office and grabbed my penis harshly and attempted to kiss me. I pushed him off me. He said if I acted right that I would avoid trouble and that alot of inmates have done it. I was very Scared And Just stood there with my

Relief Requested: cont. on reverse →

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _(signature)_ | B63459 | 9, 20, 07 |
|---|---|---|
| Committed Person's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ____ / ____ / ____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**RECEIVED**
OCT 29 2007

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE (Continued)                DOC 0046, Page 2

Covered up. Finally he told me I could leave. On 7/30/07
He called me back to his office and again closed me
inside. He told me that if I did not want to play back
that he was hooking me up about my mail.

On 7-31-07 Lieutenant Forrest
Ashby Came to my segregation cell door, I was
in recieving 32 and he said he wanted to sniff
my penis and anus. He said if I allowed him to
do that he could get my ticket dismissed.
I have a witness in inmate Brian Jones# B57502
This amounts to intimidation in violation of
730 Il.C.S 5/12-6.

            * Relief Requested *
      1) That the camera's are reviewed regarding
this incident
      2) That I be allowed to take a polygraph
      3) That my witness is contacted.
      4) That these officer's are disciplined.

ILLINOIS DEPARTMENT OF CORRECTIONS

**Correctional Center**
**Return of Grievance or Correspondence**

Offender: _Vinning_ _Mondrea_ _B63459_
     Last Name     First Name   MI   ID#

Facility: _WIL_

☑ Grievance (Local Grievance # (if applicable): _____) or ☐ Correspondence
Received: _@ 8/28/07_   Regarding: _Staff conduct 8/5/06_
    Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
                  Office of Inmate Issues
                  1301 Concordia Court
                  Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
         319 E. Madison St., Suite A
         Springfield, IL 62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☑ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
                 Date

☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: Melody J. Ford    _Melody J. Ford_   _11/18/07_
      Print Name        Signature     Date

Distribution: Offender; Inmate Issues            DOC 0070 (10/2001)
                             (Replaces DC 710-1274)



## Illinois
### Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Western Illinois Correctional Center / R. R. 4, Box 196 / Mt. Sterling, IL 62353 / Telephone: (217) 773-4441 / TDD: (800) 526-0844

## MEMORANDUM

**DATE:** 9/24/06                           3A58

**TO:** Vixuray B63459

**FROM:** Grievance Officer
Western Illinois Correctional Center   S. Richslew

**SUBJECT:** Grievance #06-0582, 06-0582, 06-0581

_____ **Date Received:** 9/24/06 & 8/28/06

The attached is being returned for the reason(s) listed below:

_____ Contact your Correctional Counselor

_____ Use proper Committed Person's Grievance (DOC 0046)

_____ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

__X__ Forward grievance directly to the Administrative Review Board (protective custody, enforced medications, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director).

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Illegible copy submitted—submit legible copy for consideration.

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

_____ Issue has been previously addressed on _____. No justification for further consideration.

_____ Contact the Record Office with your request and/or additional information (sentence calculations, jail credits, etc.)

_____ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (Executive Clemency, parole violation issues, etc.)

_____ MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

__X__ Other above grievance have been answered. If you disagree with the results, you may submit to ARB. Include S.O. report



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Western Illinois Correctional Center / R. R. 4, Box 196 / Mt. Sterling, IL 62353 / Telephone: (217) 773-4441 / TDD: (800) 526-0844

<u>**MEMORANDUM**</u>

DATE:     8-16-07                    Men

TO:       Vinning  B68459

FROM:     Grievance Officer
          Western Illinois Correctional Center

SUBJECT:  IDR

_____ Date Received: 7-26-07 / 8-2-07

The attached is being returned for the reason(s) listed below:

_____   Contact your Correctional Counselor

_____   Use proper Committed Person's Grievance (DOC 0046)

_____   Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

_X___   Forward grievance directly to the Administrative Review Board (protective custody, enforced medications,
        disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered
        by the Director).

_____   Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not
        be addressed further.

_____   Unable to determine nature of grievance/correspondence.  Submit additional specific information.

_____   Illegible copy submitted—submit legible copy for consideration.

_____   Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee.
        If request is denied, utilize the grievance process for further consideration.

_____   Issue has been previously addressed on _____.  No justification for further consideration.

_____   Contact the Record Office with your request and/or additional information (sentence calculations, jail
        credits, etc.)

_____   Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A,
        Springfield, Illinois 62706 (Executive Clemency, parole violation issues, etc.)

_____   MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

_____   Other _____

COPY 1 OF 1   PAGE 1 OF 1

RECEIVED

AUG 1 6 2006

OFFICE OF
INMATE ISSUES

8/14/06

To: Whom it may concern:

I would like this c/o BARFIELD investigated and prosecuted. He's violating the law and nothing is being done about it. I spoke with Director ORR about this on 8/9/06. Director Walker should be notified and MARY Hodge cheif of investigation contacted immediately, this is a ongoing conflict with this c/o. PLEASE Acknowledge Reciept of this.

Thank you very much.

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE    3A50

| Grievance Officer's Report |
|---|

Date Received: September 24, 2006 _____ Date of Review: September 24, 2006 _____ Grievance # (optional): 06-0663 _____

Offender: Vinning, Mondrea _____ ID#: B63459 _____

Nature of Grievance: Staff Conduct/Performance of Duty

**Facts Reviewed:** Offender Vinning states C/O Garrett denied him to go to yard. He states at lunch time, he declared a hunger strike because he did not receive a vegan tray. He states C/O Barfield removed him from the cell and shook down his property. He claims C/O Barfield threw away some of his legal papers, letters, and photos. He seeks compensation for the missing items.

Counselor's response dated 8/12/06 by CCII Vincent noting staff interviewed and deny any allegations of keeping offender from attending yard privileges if they so desire. C/O Barfield stated he did not discard any property and did not fabricate any disciplinary reports nor make any unprofessional comments.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied based upon offender's allegations of staff misconduct cannot be substantiated.

_____Sue Redshaw_____                    _____Sue Redshaw (signature)_____
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 9-25-06    [✓] I concur    [ ] I do not concur    [ ] Remand

Comments:

_____R. Zimmerman (signature)_____                    _____9-25-06_____
Chief Administrative Officer's Signature                    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____    _____    _____
Offender's Signature    ID#    Date

RECEIVED
FEB 21 2007
OFFICE OF
INMATE ISSUES

Distribution:  Master File; Offender; AW Programs        Page 1        DOC 0047 (Rev. 3/2005)
Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

3A58

### Grievance Officer's Report

| | | |
|---|---|---|
| Date Received: August 24, 2006 | Date of Review: September 18, 2006 | Grievance # (optional): 06-0576 |
| Offender: Vinning, Mondrea | | ID#: B63459 |

Nature of Grievance: Staff Conduct/Performance of Duty

**Facts Reviewed:** Offender Vinning states he declared a hunger strike because he was not allowed to go to yard.  He claims C/O Barfield shook down his property and had thrown away some of his legal papers.  Offender Vinning states Sgt. Dodds allowed him to get his legal papers out of the trashcan.  Offender makes no relief.

Counselor's response dated 8/22/06 by CCII Vincent noting staff interviewed and denied any wrongdoing.  Staff offered yard privilege and staff did not discard nor destroy any property.

*I did request relief, and None of my witnesses were contacted.*

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be denied.

| | |
|---|---|
| Sue Redshaw | _Sue Redshaw_ |
| Print Grievance Officer's Name | Grievance Officer's Signature |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 9-18-06     ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

| | |
|---|---|
| _R. _____ | 9-18-06 |
| Chief Administrative Officer's Signature | Date |

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

| | | |
|---|---|---|
| Offender's Signature | ID# | Date |

RECEIVED
FEB 21 2007
OFFICE OF
INMATE ISSUES



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Western Illinois Correctional Center  /  R. R. 4, Box 196  /  Mt. Sterling, IL 62353  /  Telephone:  (217) 773-4441  /  TDD:  (800) 526-0844

# M E M O R A N D U M

DATE:         July 12, 2006

TO:            Vinning B63459 4-A-63

FROM:        J. Chute CCII

SUBJECT:    Grievance

Mr. Vinning, the grievances you have been submitting concerning the vegan diet has already been addressed through the grievance procedure.  (CAO response 7-11-05 & ARB response 10-06-05). The fact that you are housed at a different institution does not alter the validity of the ARB response.

To: HEAD Warden Zimmerman                    8/10/06
To: Assistant Warden Phillips
From: Mondrea Vinning # B63459
Re: Vegan tray

       Sir by MR. Phillips assistant warden
explaining that I will not be Recieving the tray
Until Resolution of a lawsuit pending against
Pinckeyville, which may take a year or more,
then my institutional Remedies are exhaughsted.
Not to make any threats and with all due respect
Mt. Steling Officials Are liable because it's not
only a 1st Ommendment Religious right but me
being deprived of Nutrition is a medical need.
       According to 20 Ill.Adm.code chapter
1, Section 120.40 (A) I.D.O.C officials are to
follow all federal and State law and Applicable
court decisions. It is my personal interpretation
of my Holy books which dictates my diet.
See the Following cases: Thomas V. Review
450 U.S. 707, Frazee V. Illinois 489 U.S. 829
Ford V. McGinnis 352 F. 3d 582 Also See
Agrawal V. Kenneth R. Briley No. 02-c-6807
Sir by me being denied this tray, the law
is being broken. Me recieving a regular
tray is Just like not eating because
according to my religion
                                    over →

I am Forbidden to consume meat or any meat by product and that's what all the trays I recieve primarily consist of. I've lost 20 pounds since I been here, in just 2 months. I am suffering from stomach aches, fatigue, headaches, dizziness and constipation. Since this institution refuses to comply with the law it's best to transfer me. In Menard I was getting the tray. Also I'm not recieving any legal assistance, no one is coming around to deliver caselaw or envelopes. Also I'm being denied access to my excess legal storage.

Thankyou for your time.

*Montain*

To: Warden Phillips / Walls

Page 1 of 2    COPY 1 OF 2

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 6/09/06 | Offender: (Please Print) Mondrea Vinning-El | ID#: B63459 |
|---|---|---|
| Present Facility: Mt. Sterling | Facility where grievance issue occurred: Mt. Sterling | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Violation of 1st amendment rights. Retaliation.

- [ ] Disciplinary Report: _____ / _____
              Date of Report                        Facility where issued

**Note:**     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON 5/31/06 I arrived at Mt. Sterling correctional center. I immediately Filed a REQuest with the chaplain to be placed on the vegan diet as is prescribed by my Religion. After hearing Nothing, I sent the chaplain a letter indicating that I had a lawsuit (CASE NO. 05-DR-570) pending against Pinckneyville correctional center For denying me the vegan diet. A subsequently I was transferred to Menard in Oct of 05. I was Recieving the Religious vegan tray my entire 8 month stay there. over→

**Relief Requested:** _____

→

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Mondrea Vinning-El | B63459 | 6, 09, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: _____ / _____ / _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| _____ | _____ | _____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| _____ | _____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

Since Arrival in Mt. Sterling I have not been Recieving the tray. As a result I'm having headaches, dizziness, Fatigue, stomach aches and trouble sleeping. Also I am experiencing mental and emotional Anguish as a result of being denied my Religious Rights and be Forced to Survive on a inadequate diet which is not nutritionally balanced because I'm forced to violate institutional Rules by trying to trade the meat or milk off my tray with other inmates, for vegetables. As a Washitaw moor, I am Forbidden to consume any meat or meat by-products.

After the chaplain recieved my request, he came and Reviewed my court motions and then issued me a False disciplinary report alleging that I provided False information claiming I said I had a court order against Pinckneyville enforcing the religious diet. When in fact I said no such thing. I said "I Filed" a court order against Pinckneyville regarding the diet tray which I did and voluntarily dismissed on my own because I went to Menard where I was recieving the tray. A review of the letter I sent the chaplain will reflect as much. Now if the chaplain somehow has a letter which does say something about a court order being issued then it was not written by me and I request that internal affairs get involved and a investigation involving a handwriting expert insue. I have a copy of the courts Ruling on "order" in question.

   ✱ Relief: That I'm placed on the vegan diet Immediately, that I'm compensated for my Suffering that Resulted From undue and unnecessary delay in providing the diet And that I'm compensated For the chaplain writing a Fabricated ticket against Me, causing me to go Segregation where I was Forced to go on hunger strike Also that this Fabricated I.D.R be expunged From my Filed

From: Mondrea Vinning #B63459                    8/06/06
To: Adjustment committee
Re: Witnesses on I.D.R written by c/o Barfield
badge No.10020 7/3 shift on 8/05/06

1. My Former cellmate out of Segregation Recieving
   32, Mr. Said Muhammad.
   〈can testify to〉 that I didn't state any
   Obscesities or threats durring the declaration
   of My hunger strike. Also that he was not
   shaken down. c/o Barfield claims to have smelled
   smoke coming from that cell but only shook
   me and my property down.
2. Sgt. Dodds 3 to 11 shift
3. Tall White seg worker
4. c/o assigned to rec. seg. 3 to 11 on 8/05/06
5. Inmate miles that was in 26 cell on 8/05/06
   〈can testify to〉
          At shift change I Notified the gallery
   Officer that c/o Barfield had stolden some
   of my property and thrown it away. Sgt. Dodds
   escorted me to the Sgt. office to Note my
   complaints and Refer them to the Major. On
   the way back to my cell I noticed the tall
   white worker doing garbage and asked
   him about it.
          Over →

RECEIVED
AUG 16 2006
OFFICE OF
INMATE ISSUES

And right there in the garbage were my letters,
legal documents l.t.c Sgt. Dodds allowed me to
Retrieve these documents from the garbage and
the Seg. Rec. Officer was present. Inmate Miles
also heard Clo Barfield say "I'm hooking you
up Nigger" and saw me coming back to my
cell in handcuffs with Sgt. Dodds and handfulls
of my paperwork.

These witnesses are evidence of
this officers official Misconduct, violating
State and Federal laws. These Matters should
be investigated, this officer fired and those
Fraudqelent tickets expunged.

I am willing to take a polygraph.

Tf

2-7-07

I, Mondrea Yinning #B63459
am currently incarcerated at Centrailia Correctional
Facility. I am sending in the below listed documents to be
processed.

1.) Grievance written regarding Mt. Sterling refusal
to provide religious services.

2.) Grievance written on C/o Barfield with
attached affidavit and grievance officer report why
hasn't this been responded to? I forwarded these documents
to Springfield months ago.

3.) A grievance I won relating to #2.30 that Mt. Sterling
refuses to pay back, And grievance about state pay.

4) Grievance concerning Barfield writing me a
Fraudgelent Disciplinary report.

5.) Another grievance regarding c/o Barfield writing
me a Fraudgent I.D.R.

6.) A grievance concerned concerning me recieving
Single Mane cell status.

7.) Grievance on 3 months c-grade.
PLEASE acknowledge reciept of this.
Thankyou. Mondrea

RECEIVED

FEB 2 1 2007

OFFICE OF
INMATE ISSUES

"D Actually should" ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

06-0404

| Date: 6/25/06 | Offender: (Please Print) Mondrea Vinning-El | ID#: B63454 |
| Present Facility: Mt. Sterling | Facility where grievance issue occurred: Mt. Sterling |

**NATURE OF GRIEVANCE:**

☐ Personal Property        ☐ Mail Handling        ☐ Restoration of Good Time        ☐ Disability
☐ Staff Conduct            ☐ Dietary             ☐ Medical Treatment              ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator      ☐ Other (specify): _____

☒ Disciplinary Report:  6 / 9 / 06  _____
                        Date of Report           Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 6-9-06 I was written a I.DiR by
Chaplain William E. Twaddell for 303 False information to a
Employer. This I.D.R indicated that I lied claiming that I
Filed a Court order against Pinckneyville in order to
recieve the vegan tray. When I went to the Adjustment
Committee I actually produced the Court order which I had
in fact originally displayed to Chaplain Twaddell in a
discussion we had in which I clarified any misunderstanding
that may have existed explaining that I did in fact file a
                                    over →

Relief Requested: _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Mondrea Vinning-El_                    B63454      6/25/06
   Offender's Signature                  ID#          Date
                (Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) |
| Date Received: ___ / ___ / ___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: |
| |
| |
| |
| _____    _____    _____ |
| Print Counselor's Name      Counselor's Signature      Date of Response |

| **EMERGENCY REVIEW** |
| Date Received: ___ / ___ / ___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
| _____    _____ |
| Chief Administrative Officer's Signature      Date |

ILLINOIS DEPARTMENT OF CORRECTIONS

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
                                    Printed on Recycled Paper

Court order against Pinckneyville with regard to the vegan diet which can be confirmed by the copy I have in my possession or court records Case No. 05-DRH-570. But I voluntarily dismissed the motion on my own accord because I was transfered to Menard where I was recieving the vegan diet no problem. So I never provided any false information. However the adjustment committee never even looked at the order when I tried to show it to them the ticket should also be expunged for the following reasons

1.) The adjustment committee never even understood the charges which is clear from the summary that indicates I lied about my religious status which that is not what the ticket was about.

2.) The adjustment committee indicates that I was found guilty because of the staff report. That's arbitrary and partial not to mention illegal. That's not a fair hearing that's simply saying I'm guilty because the person who wrote the ticket says I'm guilty. This practice is also forbidden by law. See: Wolf V. McDonnell 418 U.S. 539, 41 L. Ed 2d 935, 94 S.Ct 2963 This is also a direct violation of the 14th amendment of the U.S. constitution which guarantees me due process. See also Hill 472 U.S. 445 and Hamilton v. O'Leary 976 F.2d 341

3.) The I.D.R. was never forwarded to the hearing investigator which is a requirement governing the I.D.R procedure. This is apparent because the space on the ticket for the investigator to sign remains blank. A hearing investigator would have reviewed the actual court order.

4.) The adjustment committee never mentioned why they imposed or recommended the particular sanction which is also a violation.

5.) I was never allowed to sign the I.D.R and list my witness which would have been the clerk of the southern district court to confirm the existing case and a c/o who witness me explain this to the Chaplain.

* Relief: That this ticket is expunged and the 2 months c-grade removed. And I be compensated for the 15 days I spent in seg because this ticket was written in retaliation for me requesting the vegan tray.

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** VINNING, MONDERA

**IDOC Number:** B63459

**Race:** BLK

**Hearing Date/Time:** 6/13/2006   11:02 AM

**Living Unit:** WIL-03-A-58

**Orientation Status:** N/A

**Incident Number:** 200601704/1 - WIL

**Status:** Revised

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/9/2006 | 200601704/1-WIL | TWADDELL, WILLIAM E | R1 HOUSE FOYER AREA | 08:30 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 303 | Giving False Information To An Employee | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

No Witness Requested

### RECORD OF PROCEEDINGS
DR504 CHARGES READ I/M PLEAD NOT GUILTY STATES THAT I'M EATING BUT I TRY TO TRADE MY MEAT FOR VEGETABLES.

### BASIS FOR DECISION
OFFENDER VINNING B63459 PLACED IN SEG BY SHIFT COMMANDER DUE TO OFFENSE. WRITING STAFF REPORT REFLECTS THAT THIS OFFENDER GAVE STAFF FALSE INFORMATION DEALING WITH HIS RELIGION STATUS.

### DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| 15 Days  Segregation | 15 Days  Segregation |

Basis for Discipline: NATURE OF OFFENSE.

### Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| ASHBY, FORREST J - Chair Person | *(signature)* | 06/13/06 | BLK |
| | Signature | Date | Race |
| DAVIS, RICHARD K | *(signature)* | 06/13/06 | WHI |
| | Signature | Date | Race |

Recommended Action Approved

### Final Comments: N/A

| | | |
|---|---|---|
| ROGER A ZIMMERMAN / RLY  6/16/2006 | *(signature)* | 06/16/06 |
| Chief Administrative Officer | Signature | Date |

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

| | | |
|---|---|---|
| JON R ACKMAN | 6/26/2006 | 03:00 PM |
| Employee Serving Copy to Committed Person | When Served  -- Date and Time |



RECEIVED

OFFICE OF INMATE ISSUES

Run Date: 10/10/2006 14:37:01

Page 1 of 1

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| Name: VINNING, MONDERA | IDOC Number: B63459 | Race: BLK |
| Hearing Date/Time: 8/9/2006  12:22 PM | Living Unit: WIL-R-01-12 *R 29* | Orientation Status: N/A |
| Incident Number: 200602283/1 - WIL | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 8/5/2006 | 200602283/1-WIL | BARFIELD, SR., JEFFREY | RECEIVING | 12:30 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 308 | Contraband/Unauthorized Property | Guilty |
| | *Comments:tobacco products in seg* | |
| 402 | Health,Smoking Or Safety Violations | Deleted |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|---|---|---|---|---|
| Staff | DODDS, JODIE | | Testimony Would Be Irrelevant | Requested By Inmate |

**Statement:** Sgt. Dodds did not witness the incident therefore his testimony would be irrelevant.

_____ Witness Interviewer Signature

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

## RECORD OF PROCEEDINGS
DR504 charges read, inmate pled Not Guilty.  "I don't even smoke.  I had a cellie.  They moved me from the cell because I went on hunger strike.  I was away from my property.  That officer is down to get me.  He threw all my property away."

## BASIS FOR DECISION
Inmate resided in receiving 32 where the incident occurred and was positively identified by his IDOC ID card.
C/O Barfield's DC7205 reflects he observed tobacco and matches in several envelopes in I/M Vinning's property while I/M Vinning was assigned to segregation/receiving.
Offender has received four major tickets in the last two months.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| Other : dispose of contra per DR501C | Other : dispose of contra per DR501C |
| **Basis for Discipline:seriousness of offense** | |

### Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| DAVIS, RICHARD K  - Chair Person | Signature | 08/09/06  Date | WHI  Race |
| VINCENT, JULIA I | Signature | 08/09/06  Date | ASN  Race |
| Recommended Action Approved | | | |

**Final Comments:** N/A

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** VINNING, MONDERA | **IDOC Number:** B63459 | **Race:** BLK |
| **Hearing Date/Time:** 8/9/2006   12:22 PM | **Living Unit:** WIL-R-01-12 | **Orientation Status:** N/A |
| **Incident Number:** 200602283/1 - WIL | **Status:** Final | |

ROGER A ZIMMERMAN / RAZ  8/11/2006                          08/11/06

**Chief Administrative Officer**                    **Signature**                    **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**         081606 1500

                                         **When Served  - - Date and Time**

Run Date: 8/14/2006 09:54:42

Case 2:07-cv-02076-... Department of Corrections
**DISCIPLINARY REPORT**

K-23                                                Page 1 of 1

☑ Disciplinary Report  8-5-06              ☐ Investigative Report
                        Date                                          Date

Committed Person: Venning          No. B63459      Facility: WICC

Observation Date: 8.5.06  Time: app 12:30  am/pm  Location: no 32

E.J. BARFIELD  10020          E.J. Barfield 8-5-06  app 12:32 pm
PRINT Employee's Name              Employee's Signature/Date/Time

Offense: 504 B  308 Contra band/Unauthorized Property  402 Health Smoking
                                                        Safety Violation

Observation: On the above date and app time which assigned to by-pas
bldg I smelled smoke in no 32, this I've room minute
Venning from no 33 thru 25. Venning was moved by this
cell I frisque and his property was taken to see to shakedown.
This I.D. and I frisque found 2 cigarettes, I book of matches
cellophane, 13 match strikers on several invertory in his
property. Venning B63459 I.D. A state I.D.

Witnesses, if any:

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement   ☐ Investigative Status   Reasons:

                                          Shift Supervisor's Signature and Date
PRINT Name                                (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer  Comment:

PRINT Name                                Signature/Date

☑ MAJOR, submitted to Adjustment Committee  ☐ MINOR, submitted to Program Unit
Lt. B. Law
PRINT Name                                Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator:       PRINT Name      Signature and Date
(Adult Division Major Reports Only)

**PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS**

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person's Signature and Number          ☑ Committed Person Refused to Sign

Daugherty                                   8.5.06  11:55 am/pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____           Committed Person's Signature and Number

____ (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                              Date

NAME OF WITNESS:               Number/Cell/Title:
Witness can testify to:
NAME OF WITNESS:               Number/Cell/Title:
Witness can testify to:

DC 7205 (Rev. 4/98)  Distribution: 1) Master File; 2) Committed Person;
IL 426-0361                         3) Facility; 4) Facility

State of Illinois - Department of Corrections
**DISCIPLINARY REPORT**

☒ Disciplinary Report  8-5-06          ☐ Investigative Report

Date _____          Date _____

Committed Person: _Vinning_      No. _B63459_      Facility: _WICC_

Observation Date: _8-5-06_  Time: _Apx 9:30_  am/pm  Location: _House 3-32_

_C/O J. Barfield_ ID 10058          _C/O Barfield 8-5-06 Apx 9:32_
PRINT Employee's Name                          Employee's Signature/Date/Time

Offense: 504 B   ☒ 206 Intimidation or Threats

Observation: _On the above date and approx. time while assigned to_
_Seg.-Pan, this I/O was trying to feed in Bo 32 and inmate_
_Vinning B63459 I/O b/state I/O was there to refuse his_
_cellmate a tray because he was refusing to cuff up. He_
_finally allowed his cellie a tray and told this I/O if this_
_fucking shit is not documented by next shift its_
_going to go down, I'm tired of this ol the Pussy ass shit._

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☒ Temporary Confinement   ☐ Investigative Status   Reasons: _Nature of offense_

_Lt. B. Law_          _TSS.2        8-5-0_
PRINT Name                          Shift Supervisor's Signature and Date
                                    (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer   Comment: _Nature of offense_
_Lt. K. Risley_                              _K K Risley    9:56_
PRINT Name                                    Signature/Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
_Lt. K. Risley_                              _K. K. Risley 8:54_
PRINT Name                                    Reviewing Officer's Signature and Date

☐ Reviewed by Hearing Investigator: _____   _____
(Adult Division Major Reports Only)   PRINT Name          Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Committed Person Refused to Sign  _AB  II_

Committed Person's Signature and Number

_DAUGHERTY_          _____          _8-5-06_  ___ am/pm
PRINT Serving Employee's Name   Serving Employee's Signature   Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____   _____
Committed Person's Signature and Number

— — — (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____  Date ___

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____   Number/Cell/Title: _____

Witness can testify to: _____

Committed Person's Name and Number _____

DC 7205 (Rev. 4/98)   Distribution: 1) Master File; 2) Committed Person;
IL 426-0361                          3) Facility; 4) Facility

State of Illinois—Department of Corrections
## DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report  07/22/2007 _____       ☐ Investigative Report
                              Date                                                          Date

Committed Person: Vinning, Mondrea _____  No. B63459 ____  Facility: Western Illinois C.C.

Observation Date: 07/20/2007 ____  Time: 01:00 __  ☐ am  ☒ pm  Location: Mail Room

C/O Jennings #10124 _____  07/22/07  09:56  ☒ am  ☐ pm
PRINT Employee's Name                Employee's Signature            Date        Time

☒ A
Offense: 504 ☐ B    310 Abuse Of Priviliges 601 Aiding And Abetting, Attempt, Solicitation, Or Conspiracy 306 Transfer
Of Funds
        ☐ C

Observation: On the above date and approximate time, the Intel Unit was forwarded 3) suspicious envelopes, which all had
the return address of I/M Vinning, Mondrea B63459, and was addressed to "'Attorney At Law/ Simmons Cooper Ms.
Jackalvn Olinger 707 Berkshire Blvd. P.O. Box 521 E. Alton IL 62024". Two of the envelopes were marked "Legal Mail",
and one was not, but was sealed. I/M Vinning was interviewed concerning the contents of the envelopes. In the presence of
Vinning the envelopes were opened to review the contents. Upon review, it was discovered that Vinning was not sending
legal mail, as was labled. Vinning was sending instructions to Ms. Olinger to order tapes from King Pin Entertainment.
Witnesses, if any: _____

**NOTE:**  Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement       ☐ Investigative Status
Reasons: _____


_____       _____
PRINT Name                                              Shift Supervisor's Signature            Date
                                                        (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer   Comments: _____

_____       _____
PRINT Name                                              Signature                              Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit

_____       _____  7/22/07
PRINT Name                                              Reviewing Officer's Signature       Date

☐ Reviewed by Hearing Investigator: _____
(Adult Division Major Reports Only)    PRINT Name              Signature              Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges.  You may present relevant
physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing.  You may ask that
witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed
and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment
Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to
prepare for your hearing.  If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges,
and/or be required to make restitution.  In addition, juveniles may receive a delay in recommended parole.

_____  B63459 _____       Committed Person Refused to Sign ☐
Committed Person's Signature            Number

C/O Carlock 10047 ____  C/O Carlock 10047 ____  7-22-07  7:50 ☐ am ☒ pm
PRINT Serving Employee's Name      Serving Employee's Signature    Date    Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____
                                      _____  _____
                                      Committed Person's Signature            Number

### (DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____
                                                                                                        Date

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

                                      _____  _____
                                      Committed Person's Name                  Number

DC 7205 (Rev. 5/00)  Distribution:  1)  Master File;  2)  Committed Person
IL 426—361                          3)  Facility;  4)  Facility

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** VINNING, MONDERA  **IDOC Number:** B63459  **Race:** BLK

**Hearing Date/Time:** 7/24/2007  09:31 PM  **Living Unit:** WIL-R-01-31  **Orientation Status:** N/A

**Incident Number:** 200701751/1 - WIL  **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 7/20/2007 | 200701751/1-WIL | JENNINGS, JOSEPH D | MAILROOM | 01:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 310 | Abuse Of Privileges | Guilty |
| | Comments:mail | |
| 601.Conspiracy/306 | Transfer Of Funds | Guilty |
| | Comments:conspiring to send funds to another I/M | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
DR504 CHARGES READ I/M PLEAD NOT GUILTY ALSO I/M SUBMITTED A WRITTEN STATEMENT.

## BASIS FOR DECISION
I/M WAS ID BY HIS IDOC CARD.
I/A WAS FORWARDED 3 SUSPICIOUS ENVELOPES WHICH ALL HAD THE RETURN ADDRESS OF I/M VINNING B63459 AND ATTORNEY AT LAW/SIMMONS COOPER MS. JACKSON OLINGER 707 BERKSHIRE BLD. P.O. BOX ALTON IL. 62024.
TWO WERE MARKED LEGAL MAIL AND ONE WAS NOT BUT SEALED. I/M VINNING WAS INTERVIEWED BY I/A ABOUT THESE LETTERS AND IN THE PRESENCE OF VINNING THE ENVELOPES WERE OPENED FOR REVIEW.
IT WAS DISCOVERED THAT THIS OFFENDER WASN'T SENDING LEGAL MAIL AS WAS LABELED I/M VINNING WAS SENDING INSTRUCTIONS TO MS. OLINGER TO ORDER TAPES FROM KING PIN MAGAZINE BY WESTERN UNION.
ALSO SHE WAS TO SEND EXTRA MONEY SO HE COULD BUY COMMISSARY ITEMS.
IT APPEARS THAT I/M VINNING IS ABUSING THE MAILING SYSTEM AT WICC FOR OTHER WAYS THAN WHAT THE DEPT. IS SET UP FOR.
I/M VINNING HAS ALSO TRY MASK IDOC VIOLATIONS BY CONCEALING THEM THROUGH VALID AVENUES TO AN ATTORNEY WHO HAS GONE BEYOND THE ATTORNEY/CLIENT RELATIONSHIP.
I/A TESTIFIED BEFORE THIS COMMITTEE TO THE TRUTHFULNESS OF THIS REPORT AS WRITTEN.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| Revoke GCC or SGT 3 Months | Revoke GCC or SGT 3 Months |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| Other : DISP OF CONTRABAND PER DR501C. | Other : DISP OF CONTRABAND PER DR501C. |

**Basis for Discipline:** NATURE OF OFFENSE.

## Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|-----------|------|------|
| ASHBY, FORREST J - Chair Person | *LT. Ashby* | 07/24/07 | BLK |
| DAVIS, RICHARD K | | 07/24/07 | WHI |

Recommended Action Approved

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** VINNING, MONDERA          **IDOC Number:** B63459          **Race:** BLK

**Hearing Date/Time:** 7/24/2007  09:31 PM          **Living Unit:** WIL-R-01-31          **Orientation Status:** N/A

**Incident Number:** 200701751/1 - WIL          **Status:** Final

**Final Comments:** N/A

---

*Kevin Gilson*

~~ROGER WALKER~~ / RLY 7/30/2007                    *Kevin Gilson*          07/30/07

**Chief Administrative Officer**                    Signature                    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person          8/1/7  3p

When Served -- Date and Time

Run Date: 7/30/2007 13:46:38

Page 2 of 2

INMate Pleads
"NOT Guilty"

Mondrea Vinning
#B63459
I.DIR date 7/22/07
Charges 310, 601, 306

IN defense inmate pleads the Following:
The 20 Ill. Adm. code Section 525.110 indicates that
"out going Privledged Mail" means Mail to: No.11)
"Legal Mail" ~~means~~ IN Section (h) it explains that "legal
mail" means Mail to: No. 17 registered attorney's except
dept. Attorneys.

IN 20 Ill. Adm. code Section 525.130
Section (c) outgoing Privledged Mail must be clearly marked
as privledged and Sealed by the offender. outgoing Privledged
Mail addressed to a privledged party MAy not be opened For
inspection except as provided in Subsection (d) of this Section.

(d) explains that "in adult Facilities, outgoing
Privledged Mail Shall be examined For dangerous contraband
using a X-ray, Fluoroscope or similar device. Such examination
May be conducted in Juvenile Facilities. Outgoing Privledged
Mail May be inspected For dangerous contraband by other means
which do not damage the mail and Which do not permit the
mail to be read. Except IN a EMERGENCY, outgoing Privledged
mail Shall not be opened UNLESS there is reasonable suspicion
that dangerous contraband is contained therein, legal services
is consulted, and the mail is opened in the offender's presence"

E-FILED
Friday, 28 March, 2008 05:15:14 PM
Clerk, U.S. District Court, ILCD

Dangerous contraband is described in 20 ill. Adm. Code

104, dangerous contraband "possessing, manufacturing,

introducing, selling to others, or using without authorization

any explosive, acid, caustic material for incendiary devices,

ammunition, dangerous chemical, escape material, knife, sharpened

instrument, gun, firearm, razor, glass, bludgeon, brass knuckles

cutting tools, tools which may be used to defeat security

measures such as hacksaw blades, keys and lockpicks, any oth

dangerous or deadly weapon or substance of like character,

or any object or instrument that is made to appear to be or

could be used as a deadly weapon or dangerous weapon or

substance"

     Internal Affairs had no authority whatsoever

to open "outgoing" legal mail. Jennings claimed to have

recieved 3 "suspicious" envelopes but does not indicate

why they were suspicious? The only way these letters

could have been deemed suspicious according to the 20

Ill. Adm. Code listed in the inmate rule manual on pages

158 through 162 is by way of X-ray or "similar device".

    Internal Affairs Jennings indicates that

all these envelopes were addressed to "Attorney at law"

two marked legal mail and all sealed. So the fact that these

envelopes were privledged was apparent on the face. In case

of emergency Jennings could have opened the mail. Even

then he would have to contact legal services.

The 504 I.D.R does not mention that legal services was contacted or that a EMERGENCY existed. Moreover according to 20 ILL.Adm.code under no circumstances is this mail to be read. And no "dangerous contraband" was ultimately discovered as a result of this violation. EVEN though MR. Jennings clearly possessed no Authority to open outgoing privledged mail, I'll address the charges.

No 310, 601, or 306 existed in that Jenning claims I attempted to send money to another inmate. However he does not indicate who this inmate is. That's because I was going to send money to another inmate but I consulted with our gallery officer who informed me that such a act would be against the rules. So I scratched that out the letter and wrote "void" Above said request. Also I indicated in the letter that I did not want to send money to another inmate.

The I.D.R goes on to state that I wanted to order tapes From KINGPIN Entertainment. According to 20 ILL. Adm. code inmates are permitted to order tapes from vendors. There is no rule against having someone (long as it's not a inmate) order them. Moreover all religious tapes Are subject to approval by the chaplain and all tapes subject to approval by the institution.

The I.D.R goes on to stipulate that I discussed my personal feelings in said letters which in fact I did. However portions of the letters were in fact related to legal matters.

[...] which says that a inmate can not convey personal feelings to a attorney.

"Legal mail" is not a "privledge" it's a right protected by the First ammendment of the U.S. constitution, which MR. Jennings clearly violated because he had no authority to even open this mail, let alone, read it.

For the above reasons the I.D.R should be expunged from inmate file and mail returned immediately to be sent out. The mail is not contraband.

Thank you.

# GENERAL POWER OF ATTORNEY

The State of Illinois                              )

County of _Brown_                                 )

I, _Nondrea Yinning_ of _Mt. Sterling Corr._, City
of _Western_, County of _Brown_, State of Illinois,
make constitute and appoint _Ms. Jackalyn Olinger_
of _Illinois_, City of _East Alton_, County
of _____, State of Illinois, my true and lawful attorney - in - fact,
in my name, place and stead, giving attorney - in - fact full power to do and perform all and
every act that I may legally do through an attorney - in - fact, and every proper power
necessary to carry out the purpose for which this power is granted, with full power of
substitution, revocation; ratifying and affirming that which attorney - in - fact or a substitute
shall lawfully do or cause to be done by an attorney - in - fact or a substitute lawfully
designated.

The powers vested in the attorney-in-fact shall not supersede those currently vested in the
Illinois Department of Corrections or the Chief Administrative Officer pursuant to
Department Rules, Directives or the power of attorney form I previously executed.

The power of attorney is to begin on _May 21, 07_, and to end on
_____

Dated _5-21_, _07_

SUBSCRIBED and SWORN to before me

this _21_ day of _May_, 2007.

_Michele Olson_
Notary Public

_4/22/10_
Expiration of Commission

"OFFICIAL SEAL"
MICHELE OLSON
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 04/22/10

Form Revised 11/1/01

## OFFENDER'S GRIEVANCE

| Date: 7-22-07 | Offender: (Please Print) Mondrea Vinning | ID#: B63459 |
|---|---|---|
| Present Facility: Mt. Sterling | Facility where grievance issue occurred: Mt. Sterling | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [X] Other (specify): retaliation/

[X] Disciplinary Report: 7/22/07 ____ Mail tampering/impeding access to court
    Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON 7-22-07 I was called to Internal Affairs concerning some "legal mail" I was attempting to send out to a attorney. The body of this 504. I.D.R that was written by Internal Affairs Jennings does not indicate that I violated any rules. The heading of this I.D.R lists 310 Abuse of privledges, 601 Aiding and Abeting, attempt, solicitation or conspircy, 306 transfer of funds.
         The 20 Ill. Adm. code section 525.110 indicates that "out going privledged mail" means mail to:

**Relief Requested:** _____
_____ continued on reverse →

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Mondrea Vinning_      B63459      7/22/07
Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

---

### Counselor's Response (If applicable)

| Date Received: __/__/__ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

| Date Received: __/__/__ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | | Date |

No. 17 "Legal Mail" In Section (h) it explains that "Legal Mail" means mail to: No. 17 registered Attorneys except dept. Attorneys.

In 20 Ill. Adm. code Section 525.130
Section (c) Outgoing priviledged mail must be clearly marked as Priviledged and Sealed by the offender. Outgoing Priviledged mail addressed to a priviledge party May not be opened for inspection except as provided In Subsection (d) of this Section.

(d) explains that "in adult Facilities, outgoing Priviledged mail Shall be examined for dangerous contraband, using a X-ray, Fluroscope, or other Similar device. Such examination May be conducted in Juvenile Facilities Outgoing priviledged mail may be inspected for dangerous contraband by other means which do not damage the mail and which do not permit the mail to be read. Except In a Emergency, outgoing Priviledged mail Shall not be opened, unless there is reasonable suspicion that dangerous contraband is contained therein, legal Services is consulted, and the mail is opened in the offender's presence"

Dangerous contraband is described in 20 Ill. Adm. code 504 → 104 dangerous contraband " Possessing, manufacturing, introducing, selling to others, or using without Authorization any explosive, acid, caustic material for incendiary devices, ammunition, dangerous chemical, escape material, knife, Sharpened instrument, gun, Firearm, razor, glass, bludgeon, brass knuckles, cutting tools, tools which May be used to defeat Security measures such as hacksaw blades, keys, and lock picks, any other dangerous or deadly weapon or substance of like character, or any object or instrument that is made to appear to be or could be used as a deadly weapon or dangerous weapon or substance"

First of all Internal affairs Jennings had no Authority whatsoever to open "Outgoing" legal mail. He claims to have recieved 3 "Suspicious" envelopes but does not indicate why they were suspicious? The only way these letters could have been deemed suspicious According to the 20 Ill. Adm. code listed in the Inmate rule manual on pages 158-162 is by way of "X-ray" or "Similar device"

Continued on Page. 3 →

Because Internal Affairs Jennings indicates that All these Envelopes were addressed to "ATTORNEY AT LAW" Two marked legal mail and all sealed. So the Fact that these Envelopes were "Priviledged Mail" was Apparent on the Face. IN the case OF "EMERGENCY" Jennings could have opened the mail but Even then he would have had to Consult legal Services. The 504.I.DR does not indicate that the Situation was a EMERGENCY NOR does it indicate that legal Services was contacted.

Moreover according to the 20 ILL.Adm. code under No circumstances is this mail to be read. And No "dangerous contraband" was ultimately discovered as a result OF this violation. EVEN though Mr. Jennings had No Authority whatsoever to read my "outgoing" mail, I'll address the Charges. No 310, 601 or 306 existed in that Jennings claims that I tried to Send money to another inmate, however he does not list who this inmate is. That's because I was going to Send another inmate money but I Consulted with Our gallery officer who informed me that such a act would be against the rules. So I scratched that out the letter and wrote "void" above said request and indicated in the letter that I did not want to Send money to a inmate.

Mr. Jennings goes on to Say that I wanted to order tapes From KING P-IN ENtertainment. According to 20 ILL.Adm. code inmates are permitted to order tapes From venders and religious tapes are subject to approval of the chaplain and all tapes Subject to approval by the institution. No rule exists Forbidding outside orders.    The I.DR goes on to State that I discussed my PersoNal Feelings in said letters which in Fact I did. However portions OF the letters were in Fact related to legal matters. Beyond that No rule exists that Says a inmate can not convey personal Feelings to a Attorney "legal mail" is Not A "priviledge" it's a right protected by the First Amendment. Which Mr. Jennings Clearly violated because he had No authority whatsoever to EVEN open this mail, let alone, read it.

CONTINUED ON page 4 ⟶

Since I have been in Mt. Sterling starting in May, 31, 2006 I have been experiencing increased complications involving the processing of my legal mail. I.E.

a.) I've sent out legal mail which never reached it's destination.

b.) Mail sent to me that I never recieved.

c.) Unnecessary delay in the sending out of my legal mail and my recieving legal mail.

d.) being written fraudrudent I.D.R's leading to seg placement.

This is being done in retaliation because I have 7 lawsuits currently pending against I.D.O.C officials. One of which lists the acting headwarden of Mt. Sterling Mr. Johnathan Walls as a lead defendant. Case No. 01-994-WDS which is scheduled for trial August, 14, 2007. As a result of said retaliation in the form of a blatant and exagerated abuse of authority and violation of state and federal law by opening my ~~out~~ outgoing privledged mail (which appeared to be opened and resealed then opened again in my presence) I am in fear of sending out legal mail or any mail at all. I am suspicious of all cellmates I've recieved because they are spies planted by officials who have access to my property and legal material. Moreover my two legal boxes stored in the library have no seal on them and appear to have been entered and various materials have been discovered missing. Also c/o Barfield threw away some of my legal documents last year (observe attached grievance) despite sqt. Dodds being one of the witnesses who allowed me to retrieve my documents oet the garbage and internal affairs investigating nothing was done. This paranoia regarding litigating the above mentioned cases and my criminal appeal has triggered a relapse in the psychiatric treatment I've been recieving. I'll be retaliated on for writing this grievance.

※ Relief Requested → That ~~the~~ my legal mail is returned immediately, that I'm transfered for my own protection. And this Warden and c/o reprimanded and ordered to abide by dept. rules and cease and desist all retalitory measures being taken against me. That the I.D.R is expunged.

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 8-3-07 | Offender: (Please Print) Mondrea Vinning | ID#: B63459 |
| --- | --- | --- |
| Present Facility: Mt. Sterling | Facility where grievance issue occurred: Mt. Sterling | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): retaliation

- [x] Disciplinary Report: 7 / 22 / 07    Violation of 4th amendment of U.S.C.A
                          Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I, Mondrea Vinning #B63459 submitted a grievance with regard to the above dated I.D.R. (See attached hereto) this grievance is a supplement to that grievance which was dated 7-22-07. This serving as a supplement because when the 7-22-07 grievance was prepared I had not yet been found guilty of the charges and I now have the summary.
            I Mondrea Vinning now submit that C/O Jennings of Internal Affairs, Lieutenant Ashby, Warden Walls

Relief Requested: _____

_____ Continued on reverse →

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   _____
Offender's Signature                ID#              Date
(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| --- | --- | --- |

Response: _____

_____

_____

_____

_____   _____   ___ / ___ / ___
Print Counselor's Name        Counselor's Signature       Date of Response

---

### EMERGENCY REVIEW

Date Received: ___ / ___ / ___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   ___ / ___ / ___
Chief Administrative Officer's Signature     Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Warden Gilson as well as the Mail room staff at Mt.Sterling are in violation of United States code 18 U.S.C. 241, See: United States code annotated title 18 Crimes and criminal Procedure, Part 1- crimes, chapt.13 Civil rights reveals that when 2 or more people conspire to injure, oppress, threaten or intimidate or deprive of constitutional right or because of him having exercised such.

Based on the above, the individuals named in this grievance are guilty. Internal Affairs instructed the Mail room to forward them My Mail with no Justifiable reasons. This served to delay if not impede altogether My access to the courts which is right protected by the First Ammendment. Then once My Mail was illegally forwarded to Internal Affairs it was then illegally opened and illegally read (See attached grievance)

The incident report prepared by C/O Jennings of Internal Affairs only lists 310 Abuse of priviledges as a charge but the actual I.D.R contains 2 additional charges of 1001 Conspiricy and 300 transfer of funds. Jennings indicates that he recieved this Mail on 7-20-07 but No I.D.R was written until 7-22-07 which is a violation of 20 Ill. Adm. code 504.30(b) in that a I.D.R is to be prepared promptly. Once the I.D.R was written a Investigator was supposed to review the ticket. See: 20 Ill. Adm. code 504.60(a) No investigator signed off on this I.D.R.

The summary indicates that I submitted a written statement which I did (See attached) This clearly established that C/O Jennings of Internal Affairs had No authority to even open this Mail, let alone read it. Lieutenant Ashby and his cohort Mr. Richard Davis prepared their basis for finding me guilty of all charges.

The summary does not indicate that I violated any rule whatsoever. The summary basically States (what the I.D.R relayed and it goes on to say that I asked My Attorney "Ms. Olinger to order tapes from King Pin Magazine" by Western Union Also She was to send extra Money so he could buy commissary items"

No mention of any other inmate or any inmate I.D number is mentioned.

Continued on page 3

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

How could transfer of funds be determined? Moreover if I attempted to transfer funds then another inmate would have also been issued a I.D.R. Neither Ashby nor Davis even read the letters in question, the summary states " I.A testified before the committee to the truthfulness of this report as written" This statement alone renders the entire judgement invalid. This shows that Ashby and Davis are partial and bias and found this inmate guilty based on the fact that the officer who wrote the ticket said I'm guilty. This is a direct violation of Hamilton-v-oleary and Wolf-v-mcdonald 418 u.s. 539, 41 l.ed. ad 935, 94 s.ct 2963 I.Doc officials are to follow court decisions and local laws 20 Ill.Adm. Code Ch.1, sec. 120.40 (A) and also follow rules and written procedures they relied on Absolutely no evidence to determine guilt.

        Ms.Olinger is my power of attorney handling proceeds I was awarded in a lawsuit. To further illustrate proof of a conspiracy, the Adj.committee recommended the maximum penalty of 3 months segregation 3 months c-grade and 3 months loss of good time along with a disciplinary transfer. But no where on the summary does it state why such a severe sanction was imposed in direct violation of 20 Ill.Adm code 504.80-1-5-1-c-3.

        The hearing was held 7-24-07 and I recieved a printout indicating that I was placed in c-grade 7-24-07. So officials were aware that the warden would automatically agree to whatever the adjustment committee recommended. Because the summary is not signed off on by the warden's designee until 7-30-07.

        Moreover the warden should not even have designated anyone to sign his signature. This is another violation. He was supposed to rule/review the Adj.comm. recommendations personally. See: 20 Ill.Adm.code 504.80, 504.15 sub part(N),(O),(P)

        'Prisoner's possess a liberty interest based on legitimate claims of entitlement, such entitlement can be founded upon. State statutes, prison rules or regulations or established prison customs. See: Arsberry-v-sieloff 586 F.ad 37 out of the 7th circuit.

cont. on page 4

Also review the case of United States V. William Wallace 637 F.Supp.205 where indictment which alleged that prison Employee Agreed with other Employees to present False evidence and reports Against prisoner in official proceedings sufficiently charged conspiracy to deprive prisoner of his due process rights.

That's exactly what occurred here. It has been brought to my attention by inmate Jones who is also a witness in a future sexual harassment claim against a official mentioned in this grievance that Ashby and Jennings said they are out to get the jail house lawyers.

Although the mail was returned, portions thereof were missing. Even if I was guilty the penalty is disproportionate to the offenses.

Jennings illegally opened my mail and then attempted to cover it up by writing a fraudulent ticket and then conspired with the Adj. comm and warden to find me guilty.

★ Relief requested ★ That the rest of my mail is returned. I am immediately released from Segregation, restored to grade, ticket expunged from my file. A investigation performed and I be awarded $25,000 in damages, which includes State pay I missed. This can be resolved now before going to court. Also I request A transfer to either Dixion or Illinois River.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8/05/06 | Offender: (Please Print) Mondrea Vinning | ID#: B63459 |
|---|---|---|

| Present Facility: Mt. Sterling | Facility where grievance issue occurred: Mt. Sterling |
|---|---|

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Theft,

Violation of constitutional rights.

- [ ] Disciplinary Report: ___/___/___  Date of Report   Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 8/05/06 C/O Garrett of the 7 to 3 shift Came down the gallery in recieving segregation and asked inmates did they want yard? Me and my cellmate Replied yes! But we were not allowed to attend yard and another inmate in cell 36 had the same complaint. At lunch I declared a hunger strike due to being unlawfully denied and I have not been recieving the vegan tray. After being taken out of 32 C/O Barfield badge No 10020 of the 7 to 3 shift said he would be shaking down my property.

Relief Requested: Reverse →

- [ ] Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   ___/___/___
Offender's Signature   ID#   Date

*(Continue on reverse side if necessary)*

| **Counselor's Response (if applicable)** | |
|---|---|

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____   _____   _____
Print Counselor's Name   Counselor's Signature   Date of Response

*RECEIVED AUG 21 2007 OFFICE OF INMATE ISSUES*

| **EMERGENCY REVIEW** | |
|---|---|

Date Received: ___/___/___

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____   _____
Chief Administrative Officer's Signature   Date

ILLINOIS DEPARTMENT OF CORRECTIONS

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

I was then locked in cell 25. When C/O BARField brought my property back, everything was a mess, all my paperwork was thrown into the box all over, letters out the Envelope etc. Also I Noticed alot of my paperwork was missing, legal work, letters, etc. At shift change I complained to the 3 toll shift officer that BARField OF 7 to 3 shift stold my property. Sgt. Dodds OF the 3 toll shift came and got me out my cell and took me to the Sgt office to discuss my hunger strike and my papers that C/O BARField had thrown away. Sgt. Dodds Noted my complaints on a yellow stick it pad and said he would Relay my message to the MAJOR. ON my way back to the cell I spotted the tall white worker doing the garbage and asked him about my paperwork. I spotted all my legal work and letters in the garbage. Sgt. Dodds permitted me to Retrieve this paperwork because my Name and Number was all over it.

C/O BARField badge No.10020 also Framed me and wrote a Fraudgelent I.D.R Claiming that he found Ciggarettes and Matches in my property. This c/o lied on a I.D.R and threw my property in the garbage as retaliation because I went on hunger strike and said I would Write a grievance.

I Fear For my life From this officer. IF he done this there is No telling what he will do. I want this officer kept away From me, I want him ON my enemy list. I want to take a polygraph. This Racist should be Fired. Inmate Miles in 26 saw me and the Sgt come by with handfulls of my legal stuff etc. Also a witness is Brooks out of cell 33 rec. seg.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
## OFFENDER'S GRIEVANCE

| Date: 8/06/06 | Offender: (Please Print) Mondrea Vinning | ID#: B63459 |
|---|---|---|
| Present Facility: Mt. Sterling | Facility where grievance Issue occurred: Mt. Sterling | |

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [x] Other (specify): Denial of

- [x] Disciplinary Report: 8/05/06     Access to courts, obstruction of justic
  Date of Report     Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 8/05/05 C/O Barfield became enraged because
I declared a hungerstrike and told him I would be
writing a grievance on him. He removed me out of Seg. Rec.
cell 32 and placed me in Seg.Rec. cell 25. He held my property
and claimed he was shaking it down. When I recieved my
property everything was in dissarray. It was a mess. And I
also noticed that a substantial amount of my property
was missing. letters, legal work e.t.c. At shift change I
immediately notified the 3-toll shift C/O that C/O Barfield

Relief Requested:     Cont. on reverse →

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Mondrea Vinning | B63459 | 8/06/06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| | **Counselor's Response** (if applicable) | |
|---|---|---|
| Date Received: 08/22/06 | [x] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response:     Duplicate

| J. Vincent | | 08/22/06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: 8/16/06 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| R. _____ | 8/16/06 |
|---|---|
| Chief Administrative Officer's Signature | Date |

RECEIVED
AUG 28 2007
OFFICE OF INMATE ISSUES

**ILLINOIS DEPARTMENT OF CORRECTIONS**

Distribution: Master File; Offender

DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

badge No. 10020 had stolen some of my property. Sgt. Dodds of the 3 to 11 shift came and escorted me to the Sgt office and noted my complaints and said he would relay them to the MAJor. On my way back to the cell I Noticed the tall White seg worker doing garbage and mentioned my property to him. I discovered my legal documents, letters e.t.c in the garbage. Sgt Dodds allowed me to retrieve them as my Name and I.D# was all over the legal envelopes e.t.c.

C/O BARField claims to have smelled smoke coming from my cell and then justified the shakedown. However my cellmate on 8/05/06 in cell 32 was said Muhammed Neither him Nor his property was shaken down. C/O BARField claims to have discovered matches and ciggarettes in my property, And wrote me a I.DiR For threats.

This C/o committed OFFicial misconduct in violation of Federal and state laws specifically 18 U.S.C. 241 and 242 by writing Fraudgelent tickets and throwing away my property. Although I was Fortunate enough to recieve a portion of my property back I did not get it all. Among the items still missing Are Very valuable legal documents pertaining to cases I currently have pending in criminal and civil court, State and Fed, Northern and Southern district Which can be verified. Also letters, Songs and writeouts.

This officer should be kept Seperate From me, there is no telling what he will do next. I also Seek to be compensated For my missing legal documents, songs, letters and photos, and stamped envelopes.

I am willing to take A polygraph.

8/25/06

TO: THE ATTORNEY GENERAL
    MS. LISA MADIGAN
Criminal Prosecution Unit
    100 W. Randolph
    Chicago IL. 60604

From: Mondrea Vinning #B63459
    Box 196
    R.R. #4
    Mt. Sterling IL. 62353

RECEIVED
AUG 28 2007
OFFICE OF
INMATE ISSUES

OFFICIAL Misconduct

This is a notice to The Attorney General of Illinois,
that c/o Barfield #10020 of the 7 to 3 shift is a
rogue correctional officer who has violated State and
federal law and the two attached grievances describe in
detail these acts. Under 18 U.S.C 241 and 242 this officer is
in violation for writing two fraudgelent tickets against me.
Also he has attacked my witness inmate Miles by writing
fraudgelent tickets against him and physically
attacking him. Nothing is being done about this. Also I
intend to pursue this issue to the court of law via
42 U.S.C 1983 civil complaint which would be my
only avenue for remedy/relief.

and Arbitrarily dispenses with complaints Filed by inmates through the grievance process. The officers continue to stampede over inmates constitutional rights, with shameless ~~arrogance~~ Arrogance because through union contracts and agreements they are guaranteed Free representation by the Attorney General When a inmate sues them.

This creates a conflict of interest in that the Attorney General is Appointed by the tax paying voters to uphold the law not to defend criminals Who violate American citizens rights and use the color of law as a Shield. Laws such as 18 U.S.C. 241 and 242 Was designed to prevent such abuses of the badge. Not only do I demand that Charges be pressed against this C/O, I Seek protection From Further retaliation And Will request a hearing be held before the civil court to Relieve this officers and his cohorts of Representation paid For by the taxpayers For their Misconduct. Thank you.

<u>Declaration</u>

I swore under the Penalty of Perjury that the For going
is a true Account where to I am competent to testify there to;

On a Number of times this offender has heard C/O Barrfield
make racist statements toward Black offenders This offender
witness C/O Barrfield spit in his lunch tray on Aug 11, 2006
and then later made a statement about I don't care what a
Niggar does it won't Hurt me. This offender also heard C/O
Barrfield tell Inmate Vinning on Aug 11, 2006 that "MY Dog doesn't
even like Niggars" He has also made statements against this
writer and moved this writer in a cell cell IN Infested with
red Ants/a mattress which has been soild by another Inmates
Body Fluids/and a cell without running Hot Water, which
this writer has caught colds an Flue like sentoms from
having to Wash his Body with cold Water, and has gotten
a rash from sleep on such mattress.

Clifton Williams# B54232
R.R. 4 - Box 196
Mt.Sterling; IL 62353
Dates Aug 19, 2006



RECEIVED
AUG 28 2007
OFFICE OF
INMATE ISSUES

For

Deputy Director ORR / P.O Box 19277
Warden Roger A. Zimmerman        Springfield, IL 62794-9277

Date: Aug 19, 2006

### Legal Notice.

Charges: Harassment/ Discimanation/ Retaliation.

This legal Notice is in reguard to a correctional officer who has made racist statements towards this offender and other offenders as well. Also this correctional officer C/o Barefield has also Been seen Spiting in the Food of this offender. he has also made statement toward this offender Filing grievance and legal against other I.DooC staff members. This offender Fear for his Saffy and wishs to have C/o Barfield removed from offenders living Area or this offender is transfered For he's saffy.

NotE: C/o Barefield Placed this offender in cell 19 with No running Hot water/ infested with red ants and a mattress which has Been soild with another persons Human Body Flaids. offender has Request to Be moved and given a New mattress and has Been denied. offender has also Filed a Number of grievances as well

Clifton Williams # B84232
R-R-4-Box 196
mt Sterling, IL
62353



RECEIVED
AUG 28 2007
OFFICE OF
INMATE ISSUES

For Real - El

STATE OF ILLINOIS ) 
) SS
COUNTY OF Brown )

### AFFIDAVIT

I, Stephan niles # R17788 being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: ON 8/15/2006 I was in cell 36 on the Recieving Side of Segregation. At about 2:00 pm c/o Batfield badge NO. 10020 Returned to my neighbor Vinning - cl # B63459 Cell N 25 Recieving Segregation with his property which he had for about 2 hours or better he told Vinning - cl B63459 "I'm hooking you up Nigger" Also I heard Vinning - cl # B63459 complaining that his property was missing. later that day I saw him leave with ~~crossed out~~ Sgt. Dodds when they returned the Sgt. had handfulls of paperwork

Further Affidavit Sayeth not

Subscribed and sworn to before me on the 21 day of August, 2006.

Michele Olson
NOTARY PUBLIC

"OFFICIAL SEAL"
MICHELE OLSON
COMMISSION EXPIRES 04/22/10
NOTARY PUBLIC STATE OF ILLINOIS

Respectfully submitted,

Stephan Niles R17788

RECEIVED
AUG 28 2007
OFFICE OF INMATE ISSUES



**Illinois
Department of
Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Western Illinois Correctional Center / R. R. 4, Box 196 / Mt. Sterling, IL 62353 / Telephone: (217) 773-4441 / TDD: (800) 526-0844

## MEMORANDUM

DATE: _8-16-07_  men

TO: _Vining B16349_

FROM: Grievance Officer
Western Illinois Correctional Center

SUBJECT: _IDR_

Date Received: _7-26-07_

The attached is being returned for the reason(s) listed below:

____ Contact your Correctional Counselor

____ Use proper Committed Person's Grievance (DOC 0046)

____ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

X Forward grievance directly to the Administrative Review Board (protective custody, enforced medications, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director).

____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

____ Illegible copy submitted—submit legible copy for consideration.

____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

____ Issue has been previously addressed on _____. No justification for further consideration.

____ Contact the Record Office with your request and/or additional information (sentence calculations, jail credits, etc.)

____ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (Executive Clemency, parole violation issues, etc.)

____ MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

____ Other _____

*Please Acknowledge reciept of this And Forward a copy to investigation*

RECEIVED AUG 28 2007 OFFICE OF INMATE ISSUES



Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 16, 2007

Mondrea Vinning
Register No. B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on October 24, 2006, regarding a disciplinary report dated August 5, 2006, which was alleged to have occurred at Western Illinois Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 200602283, written by Jeffrey Barfield, citing you for the offenses of 308-Contraband/Unauthorized Property, 402-Health, Smoking or Safety Violations.  A review of the Adjustment Committee summary indicates you were found guilty of 308.  Recommended discipline was: 1 month C-grade, Dispose of contraband.  The Chief Administrative Officer concurred with the recommendation on 08/11/06,

The Grievance officer's report, 06-0581, and subsequent recommendation dated September 18, 2006 and approval by the Chief Administrative Officer on September 19, 2006 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____

Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Roger E. Walker Jr.
Director

cc:    Warden Roger Zimmerman, Western Illinois Correctional Center
       Mondrea Vinning, Register No. B63459
       Chron. File



**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

**Illinois**
Department of
**Corrections**

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 16, 2007

Mondrea Vinning
Register No. B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on October 24, 2006, regarding a disciplinary report dated August 5, 2006, which was alleged to have occurred at Western Illinois Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 200602282, written by Jeffrey Barfield, citing you for the offenses of 206-Intimidation or Threats. A review of the Adjustment Committee summary indicates you were found guilty of 206. Recommended discipline was: 1 month C-grade, 10 days Segregation. The Chief Administrative Officer concurred with the recommendation on 08/11/06.

The Grievance officer's report, 06-0582, and subsequent recommendation dated September 18, 2006 and approval by the Chief Administrative Officer on September 18, 2006 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Roger Zimmerman, Western Illinois Correctional Center
      Mondrea Vinning, Register No. B63459
      Chron. File



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

December 17, 2007

Mondrea Vinning
Register No.  B63459
Menard Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on June 20, 2007, regarding religion (suspended from diet), which was alleged to have occurred at Western Illinois Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be considered moot, as you are currently receiving the religious diet at Menard.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Donald Hulick, Menard Correctional Center
       Mondrea Vinning, Register No. B63459



**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 18, 2006

Mondrea Vinning
Register No. B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on August 30, 2006, regarding religion (Moorish Science Temple services are not provided at the facility), which was alleged to have occurred at Western Illinois Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 06-0340, and subsequent recommendation dated August 15, 2006 and approval by the Chief Administrative Officer on August 16, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Roger Zimmerman, Western Illinois Correctional Center
      Mondrea Vinning, Register No. B63459
      Chron. File



**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 25, 2007

Mondrea Vinning
Register No. B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on October 2, 2006, regarding staff conduct (C/O Garrett, 08/05/06), which was alleged to have occurred at Western Illinois Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 06-0663, and subsequent recommendation dated September 24, 2006 and approval by the Chief Administrative Officer on September 25, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Roger Zimmerman, Western Illinois Correctional Center
      Mondrea Vinning, Register No. B63459
      Chron. File



Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 26, 2007

Mondrea Vinning
Register No. B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on September 26, 2006, regarding staff conduct (C/O Barfield, 08/05/06), which was alleged to have occurred at Western Illinois Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 06-0576, and subsequent recommendation dated September 18, 2006 and approval by the Chief Administrative Officer on September 18, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____

Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Roger E. Walker Jr.
Director

cc:    Warden Roger Zimmerman, Western Illinois Correctional Center
Mondrea Vinning, Register No. B63459
Chron. File



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

November 30, 2007

Mondrea Vinning
Register No.  B63459
Western Illinois Correctional Center

Dear Mr. Vinning:

This is in response to your grievance received on August 28, 2007, regarding a disciplinary report dated July 20, 2007, which was alleged to have occurred at Western Illinois Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 200701751, written by Joseph Jennings, citing you for the offenses of 306-Transfer of Funds, 310-Abuse of Privileges, 601 Conspiracy.  A review of the Adjustment Committee summary indicates you were found guilty of 601.306 , 310.  Recommended discipline was: 3 months C-grade, 3 months Segregation, 3 months Revocation of Good Credits, Transfer, Dispose of Contraband.  The Chief Administrative Officer concurred with the recommendation on 07/30/07.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance be denied.

FOR THE BOARD: _____

Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Roger E. Walker Jr.
Director

cc:   Warden Kevin Gilson, Western Illinois Correctional Center
       Mondrea Vinning, Register No. B63459